IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANYAHLE L. MOSLEY, | |
| Petitioner, | |
| v. | Case No. 3:24-CV-1326-NJR |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Danyahle L. Mosley (Doc. 1), and a Motion to Dismiss filed by Respondent the United States of America (Doc. 8). For the following reasons, the Court grants Respondent's Motion to Dismiss.

On February 21, 2013, a federal grand jury indicted Mosley on one count of being a felon in possession of a firearm. *United States v. Mosley*, Case No. 3:13-CR-30026-NJR-1, Doc. 1. He pleaded guilty to this charge and, on October 7, 2013, was sentenced to 180 months' imprisonment (Murphy, J.). (*Id.* Docs. 42, 43). His sentence was based, in part, on his status as an armed career criminal under 18 U.S.C. § 924(e) (2006) (the Armed Career Criminal Act ("ACCA")), which enhanced his sentence to a minimum term of 15 years' imprisonment. The enhancement was based on three prior violent felony convictions under Illinois law: two for residential burglary and one for robbery. (Doc. 38, p. 5-6 (Presentence Investigation Report)).

Nearly 11 years later, Mosley filed the instant petition seeking relief under 28 U.S.C. § 2255. Mosley asserts that his sentence is illegal because a prior conviction for residential burglary under Illinois law no longer qualifies as a valid predicate for a sentencing enhancement under the ACCA. Mosley cites no case law or statutory authority to support this claim. The Court nevertheless construes his claim as one based on the Supreme Court's categorical approach to ACCA sentencing enhancements as articulated in *Taylor v. United States*, 495 U.S. 575 (1990); *Descamps v. United States*, 570 U.S. 254 (2013); and *Mathis v. United States*, 579 U.S. 500 (2016). Under the categorical approach, the sentencing court "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [crime], while ignoring the particular facts of the case." *Id.* at 504. For a state law conviction to qualify as a basis for a sentence enhancement, the crime of conviction must be "the same as, or narrower than, the relevant generic offense." *Id.* at 519. Based on this analytical framework, the Court in *Mathis* held that an Iowa burglary statute could not serve as a basis for an enhanced sentence under the ACCA because "its elements are broader" than those of generic burglary. *Id.* at 509.

As to residential burglary under Illinois law, the Seventh Circuit has held that it, too, cannot support a sentencing enhancement under the ACCA because it is categorically broader than the generic offense of burglary. *United States v. Nebinger*, 987 F.3d 734, 742 (7th Cir. 2021). "This is so because Illinois does not always require an unlawful or unauthorized entry," whereas generic burglary does. *Id.* Thus, the Court understands Mosley's petition as resting on the categorical approach articulated in *Taylor*,

*Descamps*, and *Mathis*, with an eye towards the Seventh Circuit's recognition that Illinois residential burglary cannot support the type of sentencing enhancement he received.

The Government has moved to dismiss Mosley's petition as untimely.[1] (Doc. 8). It argues that because Mosley did not appeal his conviction or sentence, they became final on October 21, 2013. Mosley did not file his petition until nearly 11 years later—well beyond the one-year limitations period that ordinarily applies to section 2255 petitions. Thus, the government contends, the petition is untimely and must be dismissed. Mosley did not respond to the Government's motion to dismiss. The Court granted him additional time to file a response, but that invitation went unanswered. (Doc. 12).

A motion under section 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A motion under section 2255 is subject to a one-year statute of limitation that generally runs from the latest of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Government also argues that Mosley, by pleading guilty, agreed to waive his collateral review rights. (Doc. 8, p. 3-4). The Court does not address this issue because it is not necessary to the disposition of Mosley's motion under section 2255.

> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Court entered judgment on October 7, 2013, and Mosley did not appeal. (Doc. 42). The judgment thus became final 14 days later, on October 21, 2013. F. R. App. P. 4 (b)(1)(A). Mosley then would have had one year to file his petition under section 2255(f)(1). Since Mosley did not do so until May 17, 2024, his petition is nearly 10 years late unless another exception applies.

Mosley has offered no facts supporting an "impediment" under section 2255(f)(2) that prevented him from submitting a timely petition. Nor has he cited a Supreme Court case that recognized a right (with retroactive application) under section 2255(f)(3) that would support his claim for resentencing. He also did not file a response to the Government's motion to dismiss, where he could have invoked one of the exceptions to the statute of limitations.

Section 2255(f)(4) does allow the one-year statute of limitations to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." However, that section "is not triggered when a petitioner discovers or understands a new legal decision or theory." *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007) (to conclude "that any decision by any court on any issue could constitute a factual predicate would swallow up the specifically delineated limitations" in section 2255(f)). And even if Section 2255(f)(4) did apply here, and Mosley sought to invoke

*Nebinger*'s holding regarding Illinois residential burglary to his benefit, that case was decided on February 11, 2021. Mosley did not file his section 2255 petition until May 17, 2024, well past the one-year statute of limitations provided by section 2255(f).

For these reasons, the Court finds that Mosley's motion is untimely. The Motion to Dismiss filed by Respondent the United States of America (Doc. 8) is **GRANTED**, and the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Danyahle L. Mosley (Doc. 1) is **DENIED**. Mosley's Motion for Status (Doc. 13) is **GRANTED** based on the Court's findings in this Order. This action is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." Rule 11(a). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the applicant "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that Mosley has not stated any grounds for relief under section 2255, and reasonable jurists would not find

that conclusion debatable or wrong. Thus, Mosley has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

If Mosley wishes to contest this Order, he has two options. He can ask the United States Court of Appeals for the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Mosley chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Mosley files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A) & (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining good cause and excusable neglect standards); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining excusable neglect standard).

Additionally, Mosley will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned has already declined to issue a certificate of appealability. Thus, Mosley must request a certificate of appealability from the Seventh Circuit pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Mosley cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund

account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues the movant plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Mosley wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and that deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider its judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977).

Again, this deadline can be extended only on a written motion showing excusable neglect or good cause.

    **IT IS SO ORDERED.**

    **DATED:  January 14, 2026**

*[Signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**